








```
AXR     8/29/06    12:48
3:04-CV-00488    DIEHL V. BALBOA NAVAL MEDICAL
*53*
*STIPO.*
```

Case 3:04-cv-00488-AJB Document 53 Filed 08/28/06 Page 2 of 11

Aug 04 2006 11:41AM  MCGREGOR & MOSIER            949-916-2240            p.2
Jul-12-2006 05:53 PM  Gregory Patton Law          6022341563              2/11
JUL. 12. 2006 3:01PM                                         NO. 7196  P. 2

FILED

2006 AUG 28 AM 9:46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  CAROL C. LAM
   United States Attorney
2  KATHRYN A. SNYDER
   Assistant United States Attorney
3  California State Bar No. 084722
   United States Attorney's Office
4  Federal Office Building
   880 Front Street, Room 6293
5  San Diego, California 92101-8893
6  Telephone: (619) 557-7147

7  Attorneys for Defendant
   United States of America
8

9              UNITED STATES DISTRICT COURT
10             SOUTHERN DISTRICT OF CALIFORNIA
11

12 M.D., a minor, by and through her      )  Case No. 04cv0488-J (AJB)
   Guardian ad Litem, DAWN DIEHL,         )
13                                         )
14            Plaintiff,                   )
                                           )  STIPULATION FOR COMPROMISE
15       v.                                )  SETTLEMENT AND RELEASE OF
                                           )  FEDERAL TORT CLAIMS ACT CLAIMS
16                                         )  PURSUANT TO 28 U.S.C. § 2677
   UNITED STATES OF AMERICA,               )
17                                         )
              Defendant.                   )
18                                         )

19      IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto,
20 and their attorneys of record, that this action, brought pursuant to the Federal Tort Claims
21
22 Act, 28 U.S.C. §§ 1346(b), 2671, et seq., be settled and compromised in accordance with
23 the following terms and conditions:
24      1.   Plaintiff, M.D., a minor, by and through her Guardian ad Litem, Dawn Diehl
25 (hereafter "Plaintiff"), and Defendant United States of America (hereafter sometimes
26
   "Defendant"), hereby agree to settle and compromise all claims asserted or that could be
27
28 asserted by Plaintiff, in any capacity or on any legal or equitable basis on account of the

-1-                                    04cv0488

53                                     ENTERED ON 8-29-06

claimed injuries or damages to Plaintiff upon the terms and conditions contained in this Stipulation For Compromise Settlement and Release (hereafter "Stipulation").

2. This agreement constitutes a compromise settlement of disputed claims and demands, and does not constitute an admission of fault or liability on the part of Defendant or on the part of any of its present and/or former agents and employees, and/or of its agencies, with reference to the events alleged in the complaint or otherwise.

3. In consideration for the settlement of this action, Defendant will pay the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00). The aforesaid sum of Seven Hundred Fifty Thousand Dollars ($750,000.00) will be distributed as follows:

  a. The sum of Four Hundred Fifty Thousand Dollars ($450,000.00) shall be paid to Dawn Diehl, Guardian ad Litem of Mackenzie Diehl, a minor, and Gregory A. Patton, Esq.

  b. The sum of Three Hundred Thousand Dollars ($300,000.00) shall be paid by Defendant to fund an annuity contract that will provide the following future periodic payments payable to the Mackenzie Diehl Special Needs Trust:

   (i) Monthly payments in the amount of Two Hundred Fifty Dollars ($250.00) for a period of twelve (12) years (144 monthly payments), beginning on or about June 5, 2008 (age 6).

   (ii) Annual payments in the amount of Forty Thousand Dollars ($40,000.00) for a period of five (5) years, beginning on or about June 5, 2020 (age 18).

   (iii) Lump sums in the following amounts:

   - One Hundred Thousand Dollars ($100,000.00) on or about June 5, 2027 (age 25);

   - Two Hundred Thousand Dollars ($200,000.00) on or about June 5, 2032 (age 30);

|   |   |
|---|---|
| 1 | • Six Hundred Twenty One Thousand Ninety Five Dollars ($621,095.00) on or about June 5, 2037 (age 35). |
| 2 | |

3  All of the foregoing future periodic payments are certain and shall be payable

4  regardless of survivorship. In the event of the death of Mackenzie Diehl prior to the final

5  scheduled payment (on or about June 5, 2037), any remaining payments shall be paid, as

6  they become due, to the Colorado Department of Health Care Policy and Financing (primary

7  beneficiary) up to the amount of money previously expended for medical assistance to

8  

9  Mackenzie Diehl (Title XIX of the Social Security Act) by the Colorado Department of Health

10  Care Policy and Financing. After the Colorado Department of Health Care Policy and

11  Financing's lien, if any, has been satisfied, and thereafter any other state which has

12  provided medical assistance to Mackenzie Diehl under a state plan under Title XIX of the

13  

14  Social Security Act, up to an amount equal to the total medical assistance paid on behalf of

15  Mackenzie Diehl by any such state plan, then the remaining payments shall be made to

16  Dawn Diehl (secondary beneficiary), if living, otherwise to the Estate of Mackenzie Diehl;

17  provided, upon reaching the age of majority, Mackenzie Diehl may change or revoke the

18  foregoing secondary beneficiary designation, or any future beneficiary designation, by

19  

20  delivering a written notification to the annuity issuer in a form acceptable to the annuity

21  issuer.

22  c.  Adjustments with respect to the amount or timing of the periodic payments set

23  forth in Paragraph 3.b., above, shall be made, if necessary, in order to ensure that the cost

24  of the annuity contract is equal to and not in excess of the sum of Three Hundred Thousand

25  

26  Dollars ($300,000.00).

27  ///

28

4. The obligations of Defendant under this Stipulation shall be fulfilled and shall terminate upon the payment of the forthwith cash sum set forth in Paragraph 3.a., above, and the purchase of the requisite annuity contract for the future periodic payments set forth in Paragraph 3.b., above.

5. Defendant United States of America shall issue a Treasury check or electronic funds transfer payable to JMW Settlements, Inc., Washington, D.C., in the total amount of Seven Hundred Fifty Thousand Dollars ($750,000.00), the proceeds of which shall be applied to the purchase of an annuity contract that will provide the periodic payments set forth in Paragraph 3.b., and for the disbursement of the forthwith cash sum set forth in Paragraph 3.a., above.

6. The Defendant will fund the future periodic payments described in Paragraph 3.b, above, through the purchase of an annuity contract to be issued by a life insurance company that is rated at least A+ (Superior) by A.M. Best Company.

The annuity contract will be owned solely and exclusively by the United States of America and will be purchased as soon as practicable following the execution of this Stipulation. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract and annuity payments upon the purchase of the annuity contract.

The parties stipulate and agree that the annuity company that issues the annuity contract shall at all times have the sole obligation for making all annuity payments specified

-4-                                                                04cv0488

1  in the annuity contract. The obligation of the annuity company to make each annuity
2  payment shall be discharged upon the mailing of a valid check, a direct deposit, or an
3  electronic deposit, in the amount of such payment to the address or account designated by
4  the party to whom the payment is required to be made under this Stipulation. Payments lost
5  or delayed through no fault of the annuity company shall be promptly replaced by the
6  annuity company issuing the payment.

The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States or the annuity company are subject to execution or any legal process for any obligation in any manner, and that Plaintiff shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Plaintiff and her guardians, heirs, executors, administrators or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address, and to notify the annuity company and the United States of the death of Mackenzie Diehl within ten (10) business days of the date of death.

7. Plaintiff agrees to satisfy all liens, if any, including but not limited to Medicare, Medicaid, medical or hospital liens or claims which may be asserted in the future, in connection with treatment or compensation for any and all injuries arising from the subject matter of the instant lawsuit and agrees to hold Defendant harmless from the assertion of any such liens.

8. Plaintiff agrees to accept the above specified forthwith cash payment and periodic payments to be funded by the purchase of an annuity contract in full and final

-5-                                                          04cv0488

1  satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind
2  and nature, which she or her predecessors, successors, heirs, executors, administrators,
3  assigns, beneficiaries and survivors may have or acquire in any capacity, including any
4  future claims for wrongful death, arising from and by reason of any and all known and
5
6  unknown, foreseen and unforeseen bodily and personal injuries, damage to property and
7  the consequences thereof, which she may have or hereafter acquire against the Defendant,
8  and its present and former agents, servants, employees and agencies, on account of the
9  same subject matter which gave rise to the above-captioned lawsuit, namely the claimed
10
11 personal injuries and damages sustained by Plaintiff as a result of the alleged injuries
12 suffered in the course of care and treatment of Dawn Diehl at Balboa Naval Medical Center,
13 County of San Diego, California, during the period June 3, 2002 through June 5, 2002, or
14 the care and treatment of Mackenzie Diehl before, during or after her birth on or about
15
16 June 5, 2002, as further alleged in the complaint and pleadings herein.
17     As to the claims, demands, rights, liens, causes of action and liabilities released
18 herein, Plaintiff expressly waives any and all rights under Section 1542 of the California Civil
19 Code, which provides:
20
21     A general release does not extend to claims which the creditor does
       not know or suspect to exist in his favor at the time of executing the
       release, which if known by him must have materially affected his
22     settlement with the debtor.
23     The provisions of all comparable, equivalent, or similar statutes and principles of
24
25 common law of California, of the other states of the United States, and of the United States
26 are also hereby expressly waived by Plaintiff.
27 ///
28

-6-                                        04cv0488

In connection with such waiver and relinquishment, Plaintiff acknowledges that she is aware that she may discover claims presently unknown or unsuspected or facts in addition to or different from those which she now knows or believes to be true, with respect to the matters released herein. Nevertheless, it is the intention of Plaintiff through this release, and with the advice of counsel, to fully, finally and forever settle and release all such matters, and all claims relative thereto, that heretofore have existed, now exist, or hereafter may exist between Plaintiff on the one hand, and Defendant on the other. In furtherance of such intention, this release shall be and remain in effect as a full and complete release of such matters, notwithstanding the discovery or existence of any such additional or different claims or facts relating thereto.

9. The payments by Defendant, as set forth herein, shall constitute a complete release from and bar to any and all causes of action, claims, liens, rights or subrogated or contribution interests, known or unknown, by or on behalf of Plaintiff in any capacity.

10. Plaintiff agrees to reimburse, indemnify and hold harmless Defendant, its present and former agents, servants, employees and agencies, from any and all claims arising out of this incident involving any alleged injuries or damages of any type on account of the incident, including but not limited to, subrogated or assigned claims and actions for contribution or indemnity incident to or resulting from further litigation or the prosecution of claims by Plaintiff or her heirs, executors, administrators, assigns, beneficiaries or survivors against any third party or against the Defendant.

11. The terms, conditions and requirements of this Stipulation are not severable and the failure to fulfill or comply with any term, condition or requirement renders this Stipulation and the compromise settlement null and void.

-7-  04cv0483

12. In exchange for the agreement of Defendant to disburse the forthwith cash sum set forth in Paragraph 3.a., above, and to purchase the annuity contract set forth in Paragraph 3.b., above, Plaintiff herein agrees to execute and deliver to counsel for the Defendant, as soon as practicable, a fully executed original Stipulation for Dismissal with Prejudice and Order Thereon, and to execute and file with the Court any and all documents which might be necessary to cause the above-captioned action to be dismissed with prejudice from the docket of the Court. Plaintiff and Defendant further agree to execute and deliver, as may be deemed necessary and appropriate, any and all supplemental documents, and take all additional steps necessary to give full force and effect to the basic terms and intent of this compromise settlement. It is agreed that said Stipulation for Dismissal with Prejudice and Order Thereon may be executed in counterparts by the parties hereto.

13. Plaintiff must obtain at her own expense a court Order approving the settlement on behalf of the minor Plaintiff. The court Order must expressly approve the terms of this Stipulation. Plaintiff further agrees that the United States may void this settlement at its option, in the event such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such court approval, the entire Stipulation and the compromise settlement are null and void. Further, Mackenzie Diehl must be alive at the time the annuity contract described in Paragraph 3.b., above, is purchased. In the event of the death of Mackenzie Diehl prior to the time said annuity contract is purchased, the entire Stipulation and the compromise settlement are null and void.

14. JMW Settlements, Inc., Washington, D.C., shall act as the agent of the Defendant in purchasing the annuity contract and disbursing the forthwith cash sum

-8- 04cv0488

specified in Paragraph 3.a., above, and shall make said disbursements at the direction of counsel for the Defendant, United States of America.

15. No court costs will be taxed to or owed by either Plaintiff or Defendant and no interest will accrue on the settlement proceeds.

16. Attorney's fees shall be paid out of, not in addition to, the proceeds of the forthwith cash sum set forth in Paragraph 3.a., above, and will be subject to the limitations set forth in 28 U.S.C. § 2678, pursuant to which attorney's fees for services rendered in connection with this action shall not exceed twenty-five percent (25%) of the total cost of this compromise settlement.

17. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement, and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

///

DATED: _____, 2006

Gregory A. Patton, Esq.
Law Offices of Gregory A. Patton
Attorney for Plaintiff

DATED: August 10, 2006

M..D., a minor, by and through
her Guardian ad Litem, Dawn Diehl,
Plaintiff

CAROL C. LAM
United States Attorney

DATED: August 23, 2006

Kathryn A. Snyder, Esq.
Assistant U.S. Attorney
Attorney for Defendant

**ORDER**

DATED: August 24, 2006

Anthony J. Battaglia
United States Magistrate Judge